IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY JOE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-494-D |
| ) | |
| TINKER A.F.B. OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Defendants Tinker Air Force Base and the Department of Labor's (together, the "Federal Defendants") Motion to Dismiss [Doc. No. 19], in which they seek dismissal on behalf of all named defendants.[1] Plaintiff's deadline to respond was January 9, 2024. Plaintiff has not filed a response, nor has Plaintiff shown good cause for his failure to do so. Accordingly, the Court will consider only the Federal Defendants' motion to dismiss and Plaintiff's complaint [Doc. No. 1] for purposes of this order. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

---

[1] On December 19, 2023, this case was reassigned from Judge Patrick R. Wyrick to the undersigned. *See* [Doc. Nos. 20, 21].

## BACKGROUND

In September 2019, Plaintiff filed suit in the Western District of Texas, naming the U.S. Air Force, Tinker Air Force Base, the Department of Labor, the Office of Personnel Management, and Randolph Air Force Base as defendants. The case caption was *Robinson v. U.S. Air Force, et al.*, Case No. 5:19-CV-1107-DAE (W.D. Tex.) ("*Robinson I*"). Plaintiff asserted discrimination claims based on race and/or color and disability for personnel actions (failure to employ, termination, failure to promote, harassment, and failure to pay). Ultimately, District Judge David Ezra adopted the report and recommendation of Magistrate Judge Elizabeth S. Chestney and dismissed Plaintiff's case with prejudice. Plaintiff appealed the dismissal, but the Fifth Circuit dismissed his appeal for want of prosecution.

On June 5, 2023, Plaintiff filed the instant case. As in *Robinson I*, Plaintiff names Tinker Air Force Base, the Department of Labor, the Office of Personnel Management, and Randolph Air Force Base as defendants. He also appears to assert the same discrimination and disability claims as he did in *Robinson I*.

On December 19, 2023, the Federal Defendants filed the instant motion, in which they argue that this case should be dismissed with prejudice because it is barred under the doctrine of *res judicata*.[2] Alternatively, the Federal Defendants argue that this case should be dismissed because: (1) the complaint fails to satisfy Federal Rule of Civil Procedure 8;

---

[2] In their motion, the Federal Defendants argue that Plaintiff has failed to identify proper defendants. *See* Defs.' Mot. at 12. However, as mentioned *supra*, the Federal Defendants move for dismissal on behalf of all named defendants. *Id.* at 1 n.1.

2

(2) the complaint does not name the proper defendants; (3) the Court is without jurisdiction to consider Plaintiff's FECA claim; and (4) Plaintiff's employment discrimination claims are time-barred. Although Plaintiff did not file a formal response, he did send the Court various documents, many of which appear identical to those submitted as part of his complaint in *Robinson I*. *See* 3/15/2024 Letter [Doc. No. 22]. However, Plaintiff's documentation does not appear to include any substantive response to any of the arguments set forth in the Federal Defendants' motion.

## STANDARD OF DECISION

I.  **Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the

plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). Although *pro se* pleadings are to be liberally construed, district courts should not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.   *Res Judicata* (Claim Preclusion)

"Because [claim preclusion] is an affirmative defense, the burden of proof rests with the defendant." *In re Sprint Nextel Derivative Litig.*, 437 F. Supp. 3d 927, 935 (D. Kan. 2020) (citing *Mir v. Brown,* No. 15-9097-JAR, 2019 WL 2137285, at *5 (D. Kan. May 16, 2019)). The Federal Defendants "may raise such a defense by a motion to dismiss for failure to state a claim, and the defense can be presented on records from prior cases involving the same parties." *Id.* The Court "may exercise [its] discretion to take judicial notice of publicly-filed records in [its] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007), *cert. denied,* 552 U.S. 969, 128 S.Ct. 424, 169 L.Ed.2d 297 (2007).

## DISCUSSION

The Federal Defendants set forth two grounds for dismissal of Plaintiff's complaint. First, the Federal Defendants argue that Plaintiff's claims are barred by *res judicata*, also known as claim preclusion. Alternatively, the Federal Defendants argue that, even if

Plaintiff's claims are not barred by claim preclusion, Plaintiff otherwise fails to state a claim. Because the Court concludes that Plaintiff's claims are barred by claim preclusion, it need not reach the Federal Defendants' alternative arguments.

**I.      *Robinson I* has claim-preclusive effect on Plaintiff's claims in this case.**

"The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Johnson v. Spencer*, 950 F.3d 680, 708 (10th Cir. 2020) (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017)).

The Federal Defendants must prove three elements to prevail on their claim-preclusion defense: "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical*, 847 F.3d at 1239 (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)). Even if the Federal Defendants establish all three elements, however, "there is an exception to the application of claim preclusion where the party resisting it did not have a 'full and fair opportunity to litigate' the claim in the prior action." *Id.* (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)). The Court addresses each element, as well as the aforementioned exception, in turn.

**A.      *Robinson I* involved a final judgment on the merits.**

In *Robinson I*, United States District Judge David Ezra adopted Magistrate Judge Elizabeth S. Chestney's report and recommendation and dismissed Plaintiff's case with prejudice. *See Robinson I* Docket, 1/16/2020 Order [Doc. No. 11]. "A dismissal with prejudice is a decision on the merits and is a bar to a further action under the doctrine of

res adjudicata." *Mars v. McDougal*, 40 F.2d 247, 249 (10th Cir. 1930). The Federal Defendants have, therefore, satisfied the first element.

      **B.**      **The parties in this case are the same as those in *Robinson I*.**

Second, the parties in this case are identical to those in *Robinson I*. Here, like in *Robinson I*, Bobby Joe Robinson filed suit in his individual capacity. In *Robinson I*, Plaintiff sued Tinker Air Force Base, the Department of Labor, Randolph Air Force Base, and the Office of Personnel Management. *See Robinson I* Docket, Compl. [Doc. No. 4] at 1. In this case, Plaintiff has sued Tinker Air Force Base, the Department of Labor, Randolph Air Force Base, and the Office of Personnel Management. *See* Compl. [Doc. No. 1] at 1. "[C]laim preclusion requires that the named parties in the first and second suits be identical." *Lenox MacLaren Surgical*, 847 F.3d at 1240. Although Plaintiff also named the U.S. Air Force in *Robinson I*, the defendants named in this case are identical to their counterparts named in *Robinson I*. The Federal Defendants have, therefore, satisfied the second element.

      **C.**      **Plaintiff's claims in this case are the same as those in *Robinson I*.**

Third, Plaintiff's claims in *Robinson I* and his claims in this case are, as best the Court can tell, nearly identical. In *Robinson I*, Plaintiff brought discrimination claims based on color, disability, and race, along with myriad theories of employment discrimination (retaliation, failure to employ, wrongful termination, failure to promote, failure to pay, and harassment). *See Robinson I* Docket, Compl. at 2-3. These claims stemmed from various events that allegedly occurred in the 1980s and 1990s. *See id.* at 3-4. Plaintiff relied on a Notice of Right to Sue he received on October 26, 1990. *See id.* at 2. At bottom, it appears

6

Plaintiff's case was primarily concerned with a workers' compensation and disability claim stemming from a right-knee injury. *See id.* at 3-4.

Here, Plaintiff likewise brings discrimination claims based on color, disability, and race, along with myriad theories of employment discrimination (failure to rehire, termination, failure to promote, failure to accommodate, unequal terms and conditions of employment, and retaliation). *See* Compl. at 4. These claims, too, stem from various events that allegedly occurred in the 1980s and 1990s. *See id.* And, as in *Robinson I*, Plaintiff's case appears primarily concerned with resolving a workers' compensation and disability claim stemming from a right-knee injury. *Id.*; *see also* Compl., Ex. 1 [Doc. No. 1-1] at 1 ("While I was under worker's comp I had trouble finding someone to help me!").

Because Plaintiff's claims in this case "arise from the same transaction, event, or occurrence" as those presented in *Robinson I*, the Federal Defendants have satisfied the third element. *See Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).[3]

### D. Plaintiff had a full and fair opportunity to litigate his claims in *Robinson I*.

Fourth, and last, Plaintiff had a full and fair opportunity to litigate his claims in *Robinson I*. This narrow exception applies only when "the requirements of due process were not afforded." *Lenox MacLaren Surgical*, 847 F.3d at 1243 (citing *Crocog Co. v.*

---

[3] As the Federal Defendants note, *see* Defs.' Mot. at 7 n.41, Plaintiff also asserts a medical malpractice claim. However, the doctrine of claim preclusion prevents a party from "relitigating a legal claim that was *or could have been* the subject of a previously issued final judgment." *MACTEC*, 427 F.3d at 831 (emphasis added). Because both cases appear to stem from the same right-knee injury, Plaintiff *could have* asserted his medical malpractice claim in *Robinson I*.

7

*Reeves*, 992 F.2d 267, 270 (10th Cir. 1993)). In other words, to conclude that Plaintiff was not afforded a full and fair opportunity, *Robinson I* must have involved a "deficiency that would undermine the fundamental fairness" of the case. *Id.* (quoting *Nwosun*, 124 F.3d at 1257). "The fairness of the prior proceeding 'is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties.'" *Id.* (quoting *Nwosun*, 124 F.3d at 1257-58).

In *Robinson I*, and pursuant to the screening duties imposed by 28 U.S.C. § 1915(e), Magistrate Judge Chestney ordered Plaintiff to file a more definite statement. *See Robinson I* Docket, 9/24/2019 Order [Doc. No. 3] at 2. In a thorough and meticulous manner, Magistrate Judge Chestney set forth the legal standards governing Plaintiff's various claims and, in lieu of dismissing Plaintiff's complaint, allowed him to "file a more definite statement clarifying his allegations and establishing this Court's jurisdiction to entertain his challenge to the Secretary's benefits determination." *Id.* at 6-7. Plaintiff filed a more definite statement, which consisted of 277 pages of various handwritten notes, administrative documents, and medical records. *See Robinson I* Docket, Pl.'s Letter [Doc. No. 7]. As noted *supra*, after Plaintiff filed a more definite statement, Judge Ezra adopted Magistrate Judge Chestney's report and recommendation and dismissed Plaintiff's case with prejudice. *See Robinson I* Docket, 1/16/2020 Order [Doc. No. 11]. The clerk of court then entered judgment, and Plaintiff filed an appeal. *See Robinson I* Docket, Judgment [Doc. No. 12]; Notice of Appeal [Doc. No. 13]. The Fifth Circuit dismissed Plaintiff's

8

appeal for want of prosecution because Plaintiff "failed to timely file appellant's brief and record excerpts." *See Robinson I* Docket, 6/18/2020 Fifth Circuit Order [Doc. No. 14].

Considering the above, it cannot be said that *Robinson I* involved a "deficiency that would undermine the fundamental fairness" of the case. *Lenox MacLaren Surgical*, 847 F.3d at 1243 (quoting *Nwosun*, 124 F.3d at 1257). Plaintiff was given the chance to clarify his claims, and he did so. And, even after Plaintiff's attempted clarification, Magistrate Judge Chestney fairly and thoroughly evaluated Plaintiff's claims in issuing her report and recommendation. Despite being advised of his right to do so, Plaintiff filed no objections to the report and recommendation. Then, after appealing Judge Ezra's order adopting the report and recommendation, Plaintiff failed to pursue his appeal.

In sum, Plaintiff had a full and fair opportunity to litigate his claims in *Robinson I*. Therefore, the exception does not apply in this case.

## CONCLUSION

For these reasons, the Federal Defendants' Motion to Dismiss [Doc. No. 19] is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice.[4] A separate judgment shall be entered accordingly.

---

[4] Although *pro se* plaintiffs should ordinarily be given leave to amend, the Tenth Circuit has held that giving a plaintiff the chance to amend claims barred by preclusion would be futile. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) ("On remand, the district court shall allow Mr. Gee an opportunity to seek leave to file an amended complaint that satisfies *Twombly* and *Iqbal,* except for those claims that are barred by preclusion or the statute of limitations so that amending those claims would be futile."); *see also Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (citing *Gee* in affirming district court's dismissing *pro se* plaintiff's claims with prejudice).

**IT IS SO ORDERED** this 15th day of April, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge